ORIGINAL

# In the United States Court of Federal Claims

No. 17-968C
Filed: November 13, 2017
NOT FOR PUBLICATION

FILED

NOV 1 3 2017

U.S. COURT OF
FEDERAL CLAIMS

|  |  |  |
|---|---|---|
| WENDELL W. PHILLIPS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | *Pro Se*; RCFC 12(b)(1); Subject-Matter |
| v. | ) | Jurisdiction; Claims Against Parties Other |
| | ) | Than The United States. |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

*Wendell W. Phillips*, MN, plaintiff *pro se*.

*Antonia R. Soares*, Trial Attorney, *Lisa L. Donahue*, Assistant Director, *Robert E. Kirschman, Jr.*, Director, *Chad A. Readler*, Acting Assistant Attorney General, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant.

## MEMORANDUM OPINION AND ORDER

GRIGGSBY, Judge

## I.   INTRODUCTION

Plaintiff *pro se*, Wendell W. Phillips, brought this action seeking monetary damages and other relief from, among others, the United States in connection with several civil actions that he previously filed before the United States District Court for the Eastern District of Michigan, the United States District Court for the Western District of Michigan, and the Ingham County Circuit Court. *See generally* Compl. The government has moved to dismiss this matter for lack of subject-matter jurisdiction, pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims ("RCFC"). *See generally* Def. Mot. Plaintiff has also moved for a default judgment pursuant to RCFC 55. *See generally* Pl. Mot. For the reasons set forth below, the Court **GRANTS** the government's motion to dismiss and **DENIES** the plaintiff's motion for default judgment.

## II.    FACTUAL AND PROCEDURAL BACKGROUND[1]

### A.  Factual Background

Plaintiff *pro se*, Wendell W. Phillips commenced this action on July 17, 2017. *See generally* Compl. Plaintiff's complaint is difficult to follow. But, plaintiff appears to allege that certain federal and state judges and other government officials engaged in illegal conduct in connection with the disposition of four civil actions that plaintiff filed before the United States District Court for the Eastern District of Michigan, the United States District Court for the Western District of Michigan, and the Ingham County Circuit Court. *Id.*

Specifically, plaintiff names seven individuals as party defendants in the complaint: Janice M. Rodgers of the United States Department of Justice; Michelle Harmon, Special Agent with the Federal Bureau of Investigation; Wendell A. Miles, Judge of the United States District Court for the Western District of Michigan; Charles E. Rosen, Chief Judge of the United States District Court for the Eastern District of Michigan; George Caram Steeh, Judge of the United States District Court for the Eastern District of Michigan; David J. Weaver, Clerk of Court for the United States District Court for the Eastern District of Michigan; and William E. Collette, Chief Justice of the Ingham County Circuit Court. *Id.* at ¶¶ 7-13. In addition, plaintiff names the United States and the state of Michigan as defendants in the complaint. *Id.* at 1.

As background, before plaintiff filed this action, he filed four cases before the United States District Court for the Eastern District of Michigan, the United States District Court for the Western District of Michigan, and the Ingham County Circuit Court that are pertinent to this matter. *See generally Phillips v. Lansing Sch. Dist., et al.*, No. 00-91542-CZ-C30 (Ingham Cty. Cir. Ct. Mar. 27, 2000); *Phillips v. Lansing Sch. Dist., et al.*, No. 5:03-CV-00034 (W.D. Mich. Mar. 27, 2003); *Phillips v. Daktronics, Inc.*, No. 07-CV-14662, 2007 WL 4590993 (E.D. Mich. Oct. 31, 2007); and *Phillips v. Nat'l Basketball Ass'n*, No. 10-CV-14734, 2011 WL 3113109 (E.D. Mich. July 26, 2011). In those matters, plaintiff challenged either the termination of his employment with the Lansing, Michigan School District, or an alleged breach of contract regarding an LED-lighted basketball backboard that plaintiff maintains that he invented. *Id.*

---

[1] The facts recited in this Memorandum Opinion and Order are taken from plaintiff's complaint ("Compl.") and the government's motion to dismiss ("Def. Mot."). In addition to filing a complaint, plaintiff set forth some of his claims by hand on the Court's complaint form ("Compl. Form").

Plaintiff was unsuccessful in those cases, and several of the cases have been dismissed for lack of subject-matter jurisdiction.[2] *Id.*

In this case, plaintiff alleges that the United States "through the assistance of State of Michigan Court Officers, and the Federal District Court Officers in the State of Michigan" have used "government letterhead to falsify documents" in connection with the dismissal of these cases. *Id.* at ¶ 15. Plaintiff further alleges that the presiding judges in the aforementioned cases violated his constitutional rights under the Fourth, Fifth, Thirteenth and Fourteenth Amendments to the United States Constitution. *Id.* at ¶¶ 15; 20-24; 32.

Plaintiff also asserts claims based upon the Civil Rights Act, 42 U.S.C. §§1983 and 1988, and the Sherman Act, 15 U.S.C. §§ 1-7. *Id.* at ¶ 24-26; 27-31; Compl. Form at 1. Lastly, plaintiff appears to assert fraud and conspiracy claims in the complaint. Compl. ¶¶ 2(a), 2(b), 16; Compl. Form at 2.

As relief, plaintiff request that, among other things, the Court enforce a $700 million default judgement that he sought in proceedings before the United States District Court for the Eastern District of Michigan; award monetary damages in the amount of $3.5 trillion; and grant certain injunctive relief. Compl. at 15; Def. Mot. at 3.

---

[2] On March 27, 2000, plaintiff filed an employment discrimination case against the Lansing School District and the Assistant Superintendent in the Ingham County, Michigan Circuit Court. *See* Compl. Ex. D at 1. The Ingham County Circuit Court granted summary disposition in favor of the defendants and dismissed the case on July 31, 2001. *Id.* at 5. On March 27, 2003, plaintiff filed another action against the Lansing School District and the Assistant Superintendent in the United States District Court for the Western District of Michigan. *See Phillips v. Lansing Sch. Dist., et al.*, No. 5:03-cv-00034 (W.D. Mich. Mar. 27, 2003). The district court dismissed plaintiff's complaint for lack of subject-matter jurisdiction. *Id.* at 4; *see also Phillips v. Lansing Sch. Dist., et al.*, 89 Fed. App'x 570, 571 (2004) (affirming the district court's dismissal for lack of subject-matter jurisdiction); *Phillips v. Lansing Sch. Dist., et al.*, 543 U.S. 990 (2004) (*cert. denied*); *Philipps v. Lansing Sch.Dist., et al.*, 543 U.S. 1179 (2005) (*reh'g denied*). On October 31, 2007, plaintiff filed a breach of contract action in the United States District Court for the Eastern District of Michigan against Daktronics, Inc., relating to a LED-lighted basketball backboard that plaintiff maintains that he invented. *Phillips v. Daktronics, Inc.*, No. 07-CV-14662, 2007 WL 4590993, at *5-11 (E.D. Mich. Oct. 31, 2007). The district court subsequently dismissed the case as time-barred. *Phillips v. Daktronics, Inc.*, No. 07-CV-14662, 2008 WL 324248, at *1 (E.D. Mich. Feb. 5, 2008). On November 29, 2010, plaintiff filed another lawsuit in the United States District Court for the Eastern District of Michigan related to a LED-lighted basketball backboard, which the district court dismissed on July 26, 2011. *Phillips v. Nat'l Basketball Ass'n*, No. 10-CV-14734, 2011 WL 3113109, at *1 (E.D. Mich. July 26, 2011).

### B. Procedural Background

On July 17, 2017, plaintiff filed the complaint in this matter. *See generally* Compl.; Compl. Form. On September 15, 2017, the government filed a motion to dismiss this matter for lack of subject-matter jurisdiction, pursuant to RCFC 12(b)(1). *See generally* Def. Mot.

On September 29, 2017, plaintiff filed a response and opposition to the government's motion to dismiss.[3] *See generally* Pl. Resp. Plaintiff also filed a motion for default judgment on September 29, 2017. *See generally* Pl. Mot.

On October 13, 2017, the government filed a reply in support of its motion to dismiss. *See generally* Def. Reply. On October 26, 2017, the government filed a response and opposition to plaintiff's motion for default judgment. *See generally* Def. Resp. On October 30, 2017, plaintiff filed a sur-reply in further response and opposition to the government's motion to dismiss by leave of the Court. *See generally* Pl. Sur-reply. On November 6, 2017, plaintiff filed a response to the government's response and opposition to plaintiff's motion for default judgment. *See generally* Pl. Resp. to Def. Resp.

These matters having been fully briefed, the Court resolves the pending motions.

### III.   LEGAL STANDARDS

### A. *Pro Se* Litigants

Plaintiff is proceeding in this matter *pro se*. The Court recognizes that parties proceeding *pro se* are granted greater leeway than litigants represented by counsel. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (holding that *pro se* complaints are held to "less stringent standards than formal pleadings drafted by lawyers"); *Matthews v. United States*, 750 F.3d 1320, 1322 (Fed. Cir. 2014) (citation omitted). Nonetheless, "[w]hile a court should be receptive to *pro se* plaintiffs and assist them, justice is ill-served when a jurist crosses the line from finder of fact to advocate." *Demes v. United States*, 52 Fed. Cl. 365, 369 (2002). And so, while the Court may

---

[3] On September 29, 2017, plaintiff also filed a document entitled "Legal Memorandum." The Court construes this filing to be a part of plaintiff's response and opposition to the government's motion to dismiss.

excuse ambiguities in plaintiff's complaint, the Court does not excuse the complaint's defects. *See Henke v. United States*, 60 F.3d 795, 799 (Fed. Cir. 1995).

In addition, this Court has long recognized that "the leniency afforded to a *pro se* litigant with respect to mere formalities does not relieve the burden to meet jurisdictional requirements." *Minehan v. United States*, 75 Fed. Cl. 249, 253 (2007). For this reason, a *pro se* plaintiff—like any other plaintiff—must establish the Court's jurisdiction to consider his claim by a preponderance of the evidence. *Riles v. United States*, 93 Fed. Cl. 163, 165 (2010) (citing *Taylor v. United States*, 303 F.3d 1357, 1359 (Fed. Cir. 2002)).

**B. RCFC 12(b)(1)**

When deciding a motion to dismiss for lack of subject-matter jurisdiction, this Court must assume that all undisputed facts alleged in the complaint are true and must draw all reasonable inferences in the non-movant's favor. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *United Pac. Ins. Co. v. United States*, 464 F.3d 1325, 1327-28 (Fed. Cir. 2006); RCFC 12(b)(1). Plaintiff bears the burden of establishing subject-matter jurisdiction, and must do so by a preponderance of the evidence. *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988). And so, should the Court determine that "it lacks jurisdiction over the subject matter, it must dismiss the claim." *Matthews v. United States*, 72 Fed. Cl. 274, 278 (2006) (citing RCFC 12(h)(3)).

In this regard, the United States Court of Federal Claims is a court of limited jurisdiction and "possess[es] only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Specifically, the Tucker Act grants the Court jurisdiction over:

> [A]ny claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

28 U.S.C. § 1491(a)(1). The Tucker Act, however, is "a jurisdictional statute; it does not create any substantive right enforceable against the United States for money damages . . . . [T]he Act merely confers jurisdiction upon [the United States Court of Federal Claims] whenever the substantive right exists." *United States v. Testan,* 424 U.S. 392, 398 (1976).

To come within the jurisdictional reach and waiver of the Tucker Act, a plaintiff must identify a separate source of substantive law that creates the right to money damages. *Cabral v. United States,* 317 F. App'x 979, 981 (Fed. Cir. 2008) (citing *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005)); *Norman v. United States*, 429 F.3d 1081, 1095 (Fed. Cir. 2005). And so, if the Court finds that the source of law alleged is not money-mandating, the Court must dismiss the case for lack of subject-matter jurisdiction. *Fisher*, 402 F.3d at 1173; RCFC 12(b)(1).

Specifically relevant to this matter, it is well-established that the Court "does not have jurisdiction to review the decisions of district courts or the clerks of district courts relating to proceedings before those courts." *Joshua v. United States*, 17 F.3d 378, 380 (Fed. Cir. 1994). The Court also does not possess jurisdiction to review state court decisions. *Jones v. United States*, 440 Fed. App'x 916, 918 (Fed. Cir. 2011); *see also Mora v. United States*, 118 Fed. Cl. 713, 716 (2014) ("[T]his court does not have jurisdiction to review the decisions of state courts, federal bankruptcy courts, federal district courts, or federal circuit courts of appeals."). And so, the Court must dismiss a claim seeking to review the decisions of district courts or state courts for lack of subject-matter jurisdiction. *Id.* The Court is also without jurisdiction to review tort claims, as "the Tucker Act expressly excludes tort claims . . . from the jurisdiction of [this Court.]" *Hernandez v. United States*, 96 Fed. Cl. 195, 204 (2010). *See* 28 U.S.C. § 1491(a)(1); *see also Keene Corp. v. United States*, 508 U.S. 200, 214 (1993) ("[T]ort cases are outside the jurisdiction of the Court of Federal Claims today."); *Rick's Mushroom Serv., Inc. v. United States*, 521 F.3d 1338, 1343 (2008 ("The plain language of the Tucker Act excludes from the Court of Federal Claims jurisdiction [over] claims sounding in tort.").

## IV.   LEGAL ANALYSIS

### A. The Court Does Not Possess Jurisdiction To Consider Plaintiff's Claims

The government has moved to dismiss plaintiff's complaint for lack of subject-matter jurisdiction upon the grounds that: (1) the Court may not review the decisions of state courts or federal district courts; (2) the Court may not entertain plaintiff's claims against parties other than the United States; (3) the Court may not consider plaintiff's Civil Rights Act and Sherman Act claims; (4) the Court may not entertain plaintiff's claims arising under non-money mandating constitutional provisions; and (5) plaintiff's tort claims are jurisdictionally precluded under the

Tucker Act. Def. Mot. at 15-20; Def. Reply at 1-2. Plaintiff counters that he has established subject-matter jurisdiction because his claims are brought against the United States, and they are based upon the actions of state and federal officials who acted in their official capacities. *See generally* Pl. Sur-reply.

For the reasons discussed below, the Court does not possess subject-matter jurisdiction to consider any of plaintiff's claims. And so, the Court **GRANTS** the government's motion to dismiss and **DISMISSES** the complaint. RCFC 12(b)(1).

### 1. The Court Does Not Possess Jurisdiction To Review The Decisions Of Other Courts

As an initial matter, the Court does not possess subject-matter jurisdiction to consider plaintiff's challenges to the actions of the federal and state courts that considered his prior civil litigation. And so, the Court must dismiss plaintiff's claims for lack of subject-matter jurisdiction. RCFC 12(b)(1).

In the complaint, plaintiff alleges that, among other things, the chief judge of the Ingham County Circuit Court erred in dismissing plaintiff's employment discrimination case before that court. Compl. ¶ 7; Compl. at 15. Plaintiff also alleges that the United States district court judges who presided over his district court cases misapplied the law by dismissing these cases. Compl. ¶¶ 11, 13, 23; Compl. Form at 2. It is well-established that the Court may not consider plaintiff's challenges to the actions of these courts.

Indeed, the Federal Circuit has long held that this Court does not possess subject-matter jurisdiction to review the decisions of district courts relating to proceedings before those courts. *Joshua*, 17 F.3d at 380 (stating that the Court does not have jurisdiction to review the decisions of district courts); *see also Vereda. LTDA. v. United States*, 271 F.3d 1367, 1375 (Fed. Cir. 2001) (noting that this Court is not an appellate tribunal, and does not have jurisdiction to review the decisions of district courts). This Court similarly does not possess subject-matter jurisdiction to review the decisions of state courts. *Mora*, 118 Fed. Cl. at 716. ("[T]his court does not have jurisdiction to review the decisions of state courts, federal bankruptcy courts, federal district courts, or federal circuit courts of appeals."); *Kurt v. United States*, 103 Fed. Cl. 384, 386 (2012) (dismissing, for lack of jurisdiction, plaintiff's claims against "the Missouri judiciary . . . and various unnamed judges of the state of Missouri"); *Vlahakis v. United States,* 215 Ct. Cl. 1018,

1018 (1978) ("The plaintiff's assertions concerning Illinois state officials and courts are obviously beyond this court's jurisdiction."). Because a review of the decisions of other courts is precisely the kind of relief that plaintiff seeks in the complaint, the Court may not consider plaintiff's claims. And so, the Court must dismiss plaintiff's claims for lack of subject-matter jurisdiction. RCFC 12(b)(1).

### 2. The Court May Not Consider Plaintiff's Claims Against Parties Other Than The United States

The Court also may not entertain plaintiff's claims against the federal and state judges who presided over his prior cases, other federal government officials, and the state of Michigan. Compl. at 1; Compl. ¶¶ 7-13. *See Souders v. S.C. Pub. Serv. Auth.*, 497 F.3d 1303, 1308 (Fed. Cir. 2007); *see also Anderson v. United States*, 117 Fed. Cl. 330, 331 (2014) ("This court does not have jurisdiction over any claims alleged against states, localities, state and local government entities, or state and local government officials and employees; jurisdiction only extends to suits against the United States itself."); *Reid v. United States*, 95 Fed. Cl. 243, 248 (2010) ("The Court of Federal Claims does not have jurisdiction to hear plaintiff's claims naming states, localities, state government agencies, local government agencies and private individuals and entities as defendants."). It is well-established that the United States is the only proper defendant in cases brought in this Court. RCFC 10(a); *Pikulin v. United States*, 97 Fed. Cl. 71, 75 (2011); *Stephenson v. United States*, 58 Fed. Cl. 186, 190 (2003) (emphasis in original) ("[T]he *only* proper defendant for any matter before this court is the United States, not its officers, nor any other individual."). And so, plaintiff may not pursue the claims against these individuals and the state of Michigan in this litigation. RCFC 12(b)(1).

Plaintiff's argument that he may bring his claims against the individuals named in the complaint, because he is suing these individuals in their official capacities, is also misguided. In his response and opposition to the government's motion to dismiss, plaintiff argues that he may bring claims pursuant to 28 U.S.C. § 2671 (definitions related to Federal Tort Claims Act ("FTCA") actions) and 28 CFR § 50.15 (representation of federal officials). Pl. Resp. at 2. But, as the government notes in its reply brief, plaintiff cannot properly rely upon Section 2671 to establish the Court's jurisdiction, because FTCA actions must be brought in a United States district court. *See* 28 U.S.C. § 1346(b)(1); *Beadles v. United States*, 115 Fed. Cl. 242, 246 (2012) (holding that district courts have exclusive jurisdiction over tort claims for money

damages against the United States.)  Plaintiff's reliance upon the Department of Justice regulations regarding the legal representation of federal government officials is also misplaced, because these regulations are not germane to the question of this Court's jurisdiction.  Pl. Resp. at 2.  And so, the Court must dismiss plaintiff's claims against all parties other than the United States.  RCFC 12(b)(1).

### 3.  The Court Does Not Possess Jurisdiction To Consider Plaintiff's Civil Rights Act and Sherman Act Claims

The Court is similarly without jurisdiction to consider plaintiff's claims arising under the Civil Rights Act and Sherman Act, because such claims must be brought in a United States district court.  In the complaint, plaintiff alleges that the judges who presided over his prior cases should be held liable under Sections 1983 and 1988 of the Civil Rights Act and the Sherman Act. Compl. ¶¶ 20-31.  Plaintiff's claims may not be pursued in this Court.

Congress has committed jurisdiction over claims brought pursuant to the Civil Rights Act to the United States district courts.  *See* 28 U.S.C. § 1343(a)(4) (2006) ("The district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person . . . (4) To recover damages or to secure equitable or other relief under any Act of Congress providing for the protection of civil rights . . . ."); *see also* 42 U.S.C. § 1981; *Cherbanaeff v. United States,* 77 Fed. Cl. 490, 502 (2007) ("Where Congress has granted exclusive jurisdiction in certain courts, these statutory provisions govern.").  Jurisdiction to entertain claims brought pursuant to the Sherman Act is also explicitly committed to the United States district courts.  15 U.S.C. § 4 ("The several district courts of the United States are invested with jurisdiction to prevent and restrain violations of sections 1 to 7 of this title."); *Hufford v. United States,* 87 Fed. Cl. 696, 703 (2009) ("Cases under 15 U.S.C. §§ 1-7 are likewise explicitly committed to the district courts.").  And so, the Court must dismiss plaintiff's Civil Rights Act and Sherman Act claims for want of subject-matter jurisdiction.  RCFC 12(b)(1).

### 4.  Plaintiff's Constitutional Claims Are Also Jurisdictionally Precluded

In addition, the Court is without jurisdiction to entertain plaintiff's constitutional claims, because the constitutional provisions that plaintiff relies upon are not money-mandating.  In the complaint, plaintiff alleges that he has been deprived of his constitutional rights under the

Fourth, Fifth, Thirteenth and Fourteenth Amendments to the United States Constitution due to the alleged actions of the defendants. Compl. ¶ 15.

The Court does not possess subject-matter jurisdiction to consider plaintiff's claims based upon the Fourth, Fifth, and Thirteenth Amendments, because these constitutional provisions are also not money-mandating provisions of law. *Brown v. United States*, 105 F. 3d. 621, 623 (Fed. Cir. 1997) ("Because money damages are not available for a Fourth Amendment violation, the Court of Federal Claims does not have jurisdiction over such a violation."); *McCullough v. United States*, 76 Fed. Cl. 1, 4 (2006) ("[T]he Fifth Amendment is not a source that mandates the payment of money to plaintiff."); *Johnson v. United States*, 79 Fed. Cl. 769, 774 (2007) ("This court, however, cannot entertain claims brought under the Thirteenth Amendment because it does not mandate the payment of money damages for its violation."); *Smith v. United States*, 36 Fed. Appx. 444, 446 (Fed. Cir. 2002) (stating that the Court lacks jurisdiction over Fourth, Fifth, and Thirteenth Amendment claims).

It is also well-established that this Court does not possess subject-matter jurisdiction to consider plaintiff's due process and equal protection claims brought pursuant to the Fourteenth Amendment, because the due process and equal protection clauses of the Fourteenth Amendment do not mandate the payment of money by the United States. *See LeBlanc v. United States*, 50 F.3d 1025, 1028 (Fed Cir. 1995) (finding the Due Process and Equal Protection Clauses of the Fourteenth Amendment do not constitute "a sufficient basis for jurisdiction because they do not mandate payment of money by the government"); *see also Quailes v. United States*, 25 Cl. Ct. 659, 664, *aff'd*, 979 F.2d 216 (Fed. Cir. 1992) ("This court does not have jurisdiction . . . because neither the due process or equal protection clauses of the Constitution 'obligate the United States to pay money damages.'") (citation omitted).

Because plaintiff has failed to identify a money-mandating provision of the Constitution that confers jurisdiction upon this Court, the Court must dismiss plaintiff's constitutional claims pursuant to RCFC 12(b)(1).

### 5. The Court May Not Consider Plaintiff's Tort Claims

Lastly, the Court must also dismiss plaintiff's tort claims because these claims are jurisdictionally precluded under the Tucker Act. 28 U.S.C. § 1491(a). In the complaint, plaintiff alleges that the government has engaged in fraud, document falsification, and conspiracy.

Compl. ¶¶ 2(a), 3, 15, 19; Compl. Form at 2.  This Court has long recognized that such claims sound in tort. *McCauley v. United States*, 38 Fed. Cl. 250, 265 (1997), *aff'd*, 152 F.3d 948 (Fed. Cir. 1998) (Plaintiff's claims for monetary damages, which arise out of [the government's] alleged negligent and wrongful conduct . . . are claims clearly sounding in tort.").

It is well-established that the Tucker Act explicitly places tort claims beyond the jurisdiction of this Court.  28 U.S.C. § 1491(a)(1) ("The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States . . . not sounding in tort."); *Hernandez*, 96 Fed. Cl. at 204 ("[T]he Tucker Act expressly excludes tort claims, including those committed by federal officials, from the jurisdiction of the United States Court of Federal Claims.") (citation omitted).  And so, the Court must dismiss plaintiff's tort claims for lack of subject-matter jurisdiction.[4]  RCFC 12(b)(1).

### B.  The Court Denies Plaintiff's Motion For Default Judgment

As a final matter, plaintiff has moved for a default judgment against the government pursuant to RCFC 55(b).  *See* Pl. Mot.  As the government correctly notes in its response and opposition to plaintiff's motion for default judgment, jurisdiction to hear a claim is a threshold question that must be resolved before proceeding to the merits of plaintiff's claims.  Def. Reply at 4 (quoting *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 88-89 (1998)); *see also* Def. Resp. at 2.  For this reason, the government has appropriately moved to dismiss this matter upon jurisdictional grounds before answering the complaint.  In addition, as discussed above, the Court does not possess subject-matter jurisdiction to consider any of plaintiff's claims.  And so, the Court must deny plaintiff's motion for default judgment.  *See, e.g., Wojtczak v. United States*, No. 12-449C, 2012 WL 4903025, at *4 (Fed. Cl. Oct. 17, 2012) ("Because . . . plaintiff still has

---

[4] As the government correctly notes in its reply brief, plaintiff may not rely upon 28 U.S.C. § 1331 (federal question jurisdiction) or 28 U.S.C. § 1332 (diversity jurisdiction) to establish jurisdiction in this matter, because those statutes apply only to the United States district courts.  Def. Reply at 3; *Jiron v. United States*, 118 Fed. Cl. 190, 201-02 (2014).  In addition, plaintiff cannot rely upon the Administrative Procedures Act ("APA") to establish jurisdiction, because the United States district courts are the appropriate fora for APA claims.  *Visconi v. United States*, 108 Fed. Cl. 344, 350 (2012).  Because the Court has determined that plaintiff has not established jurisdiction for the reasons discussed above, the Court does not reach the government's argument that plaintiff lacks standing to bring this action.  *See* Def. Reply at 4.

not raised allegations over which this court has jurisdiction, the court denies these motions as moot.").

## V.    CONCLUSION

In sum, when read in the light most favorable to plaintiff, the complaint makes clear that plaintiff has not established that the Court possesses subject-matter jurisdiction to consider any of his claims.  And so, the Court must dismiss this matter for lack of subject-matter jurisdiction pursuant to RCFC 12(b)(1).  Because plaintiff has not established jurisdiction to bring his claims, the Court also denies plaintiff's motion for default judgment, pursuant to RCFC 55(b).

For the foregoing reasons, the Court:

1. **GRANTS** the government's motion to dismiss;
2. **DENIES** plaintiff's motion for default judgment; and
3. **DISMISSES** the complaint.

The Clerk's Office is directed to **ENTER** final judgment in favor of the government, **DISMISSING** the complaint.

No Costs.

**IT IS SO ORDERED.**

LYDIA KAY GRIGGSBY
Judge